78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen W. SMITH, Plaintiff-Appellant,
v.
JEFFERSON COUNTY, KENTUCKY; Jefferson County Corrections
Department; Richard A. Frey, Jr.; Steve Hart;
Timothy Brink; Robert Hedges; Nicholas
Polio, Defendants-Appellees.
 No. 95-5432.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Allen W. Smith, a Kentucky state prisoner, appeals the final judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith filed a complaint against eight unknown officers employed at the Jefferson County, Kentucky, jail, alleging that the defendants had subjected him to a beating on September 4, 1990, in violation of his constitutional rights. He amended his complaint to add the county, the corrections department and its director as defendants. After discovery, Smith amended his complaint to name four individual officers. The case proceeded to a jury trial. The district court granted a motion for judgment as a matter of law in favor of the county, corrections department, and director Frey. The jury was unable to reach a verdict as to the four officers, and a mistrial was declared. The four officers later moved for summary judgment, which a magistrate judge recommended be granted as to defendants Brink and Hart, based on Smith's failure to identify any specific acts by these defendants in his March 23, 1993, deposition. The district court adopted this recommendation over Smith's objections. A second trial was held as to the remaining two defendants, and a verdict was returned in their favor. On appeal, Smith argues that the district court erred in: 1) denying his motions for the appointment of counsel, 2) granting judgment as a matter of law to the county, corrections department, and director Frey, 3) granting summary judgment to defendants Brink and Hart, and 4) failing to quash the jury venire on Smith's motion due to the absence of blacks on the panel.
 
 
 3
 Upon review, we find no abuse of discretion in the denial of appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). We also find no error in the entry of judgment as a matter of law in favor of the county, the corrections department, and its director. Finally, we reject Smith's argument regarding the quashing of the jury venire, as he failed to show that underrepresentation of blacks was inherent in the jury selection process. See Floyd v. Garrison, 996 F.2d 947, 949-50 (8th Cir.1993).
 
 
 4
 As to Smith's argument regarding the grant of summary judgment for defendants Brink and Hart, we affirm the district court's decision on other grounds. A review of the record shows that all the named defendants were similarly situated. As the second jury found that Smith did not prove that two of the defendants violated his civil rights, it would be nonsensical to remand the case back to the district court for a third trial as to Brink and Hart.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.