91 F.3d 149
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James Edward WRIGHT, Jr., Appellant/Cross-Appellee,
v.
CALION LUMBER COMPANY, Appellee/Cross-Appellant.
 Nos. 95-3596, 95-3722.
 United States Court of Appeals, Eighth Circuit.
 Submitted: July 8, 1996
Filed: July 9, 1996
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Edward Wright, Jr., an African-American, sued his former employer, Calion Lumber Company, alleging that Calion discriminated against him on the basis of his race by subjecting him to adverse employment conditions after learning that Wright was married to a Caucasian woman. Following a three-day trial, an eight-member jury delivered a verdict in favor of Calion, and the district court[1] entered judgment dismissing the case. Wright appeals, and we affirm.
 
 
 2
 Wright's first argument--that his appointed attorney rendered inadequate representation--does not entitle him to relief in this appeal. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988) (litigant in civil proceeding has no constitutional or statutory right to appointment and effective assistance of attorney).
 
 
 3
 Wright next argues that only one of the jurors was a member of a minority group. Significantly, Wright does not argue that the jury venire panel was compiled in an unconstitutional or illegal manner, or that Calion exercised peremptory challenges to strike jurors from the panel on the basis of their race. Cf. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 616, 628-31 (1991); Floyd v. Garrison, 996 F.2d 947, 949 (8th Cir.1993). This claim also fails.
 
 
 4
 Finally, Wright complains that all of the witnesses testified he was the victim of discrimination, the witnesses for Calion were biased, and the jury ignored testimony that his supervisor used the word "nigger" on the job site. However, this is not a sufficient basis for overturning an adverse jury verdict.
 
 
 5
 Accordingly, we affirm. We also dismiss Calion's cross-appeal at its request.
 
 
 
 [1]
 The HONORABLE WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas