Clarence RICHARDSON *v.* Emment WILLIAMS

96-516                                        936 S.W.2d 752

Supreme Court of Arkansas
Opinion delivered February 3, 1997

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

*Rieves & Mayton*, by: *Eric Newkirk*, for appellee.

TOM GLAZE, Justice. Appellant Clarence Richardson brought suit against appellee Emment Williams for personal injuries resulting from an automobile accident. The case was tried to a jury which returned a verdict in Williams's favor. Richardson appeals, and his sole argument for reversal is that the trial court erred in rejecting his contention that Arkansas's method of selecting jurors under Ark. Code Ann. § 16-32-103 (Repl. 1994) is unconstitutional by violating his rights under the Sixth Amendment and Equal Protection Clause.

We initially point out that, in this civil proceeding, Richardson has an equal protection right to jury selection procedures that produce juries from a representative cross section of his community. *Cleveland v. State*, 318 Ark. 738, 888 S.W.2d 629 (1994). However, in order to establish a prima facie violation of the cross-section requirement, he must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *See Duren v. Missouri*, 439 U.S. 357 (1979).

Here, Richardson's argument is that Arkansas's jury-selection process does not represent a fair cross section of the community because it excludes from the jury pool and petit jury all unregistered voters who, as citizens, would otherwise be qualified to serve as jurors. At trial, Richardson submitted that the population of Phillips County was comprised of fifty-four to fifty-six percent persons of African-American descent, but African-Americans accounted only for forty-eight to fifty-two percent of those per-

sons registered to vote. Specifically, Richardson asserts that, because a fewer proportional number of blacks register to vote in Phillips County, it is impossible to select a jury panel that reflects a representative fair cross section of the community.[1] He concluded his argument below as follows:

> There is nothing sacrosanct about the voter registration roll that calls for it to be the exclusive avenue for selection of jurors and to deny persons who do not participate in the electoral process service on the jury is, in our opinion, unconstitutional so we would ask that the jury panel be quashed on the basis that it excludes persons who are not registered voters.

In considering Richardson's constitutional argument on appeal, we immediately note that it is one which has been considered and decided on many occasions. In fact, the Eighth Circuit Court of Appeals and this court have addressed this same jury-selection issue now raised by Richardson, and in doing so, have consistently approved the use of voter registration lists to select jury pools. *Floyd v. Garrison*, 996 F.2d 947 (8th Cir. 1993); *U.S. v. Garcia*, 991 F.2d 489 (8th Cir. 1993); *Brown v. Lockhart*, 781 F.2d 654 (8th Cir. 1986); *United States v. Clifford*, 640 F.2d 150 (8th Cir. 1981); *Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996); *Turner v. State*, 258 Ark. 425, 527 S.W.2d 580 (1975).

In *Floyd v. Garrison*, Floyd asserted the contention Richardson now argues in this appeal, namely, that the use of voter registration lists as the sole source for selecting jury pools does not provide a fair cross section of the community because blacks do not register to vote in the same proportion as other persons. The *Floyd* court, citing *United States v. Clifford*, rejected Floyd's argument by stating the following:

> Even if proportionally fewer blacks register to vote, "[t]he mere fact that one identifiable group of individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional." Absent proof obstacles are placed in the path of blacks attempting to register to

---

[1] We note that both Richardson and Williams are African-Americans and, as reflected in the abstract of the record, two of the twelve persons selected to serve on the petit jury were black.

vote, voter registration lists may be used as the sole source for selecting jury pools.

■ In the present case, Richardson offers no proof that there has been exclusion of jurors based on any basis other than the mere failure to register to vote. Because he has failed to show any underrepresentation due to a systematic exclusion of a distinctive group, we hold § 16-32-103 is constitutional as applied in this cause. Therefore, we affirm.