# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4287

_____

Floyd L. Roberson,                           *
                                             *
            Appellant,                       *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   Eastern District of Missouri.
Hayti Police Department; Paul Sheckell,      *
Lt.; Chris Riggs,                            *
                                             *
            Appellees.                       *

_____

Submitted:  December 11, 2000

Filed:  March 9, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
      Circuit Judges.

_____

WOLLMAN, Chief Judge.

      Floyd Roberson was shot by an officer of the Hayti, Missouri, police department and filed suit in federal court pursuant to 42 U.S.C. § 1983.  The district court granted summary judgment against Roberson on his claim against one officer, denied him leave to amend his claim to include the city as a defendant, and entered judgment on a jury verdict in favor of another officer.  Roberson appeals.  We affirm in part and reverse and remand in part.

## I.

Roberson, a black man, was shot twice in the hip and buttock on the evening of August 2, 1994, by an officer of the Hayti Police Department. On June 25, 1996, while incarcerated on a conviction unrelated to the instant case, Roberson filed a pro se complaint alleging that the shooting constituted an excessive use of force and deprived him of his civil rights. Roberson's complaint alleges that Lieutenant Paul Sheckell and his partner pursued him in a high speed chase, and that when he got out of his car and fled on foot, he was shot from behind by Sheckell. The complaint asserts claims against Sheckell and the police department, states "I declare under penalty of perjury that the foregoing is true and correct," and is dated and signed by Roberson. Roberson also requested the appointment of counsel. Roberson also filed his first amended complaint outlining the incident in greater detail and adding as a defendant Officer Chris Riggs, also of the Hayti Police Department, who is identified as Sheckell's partner. Roberson asserted claims against both officers in their official and individual capacities.

On March 3, 1997, the district court dismissed the claim against the Hayti Police Department because it determined that the department was not an entity capable of being sued under § 1983. Roberson was granted leave to amend his complaint to include the city of Hayti as a defendant. Shortly thereafter, he renewed his request for appointment of counsel. Sheckell submitted an affidavit stating that he was "not on duty" when Roberson was shot and moved for summary judgment as to the claim against him. Riggs also moved for summary judgment, submitting an affidavit to the effect that he was the officer who shot Roberson after Roberson had turned toward him and made a movement that suggested he was armed. On February 4, 1998, the court, citing Roberson's failure to respond to the summary judgment motions, granted summary judgment in favor of Sheckell and in favor of Riggs in his official capacity. In the same order, the court granted Roberson's request for counsel and prohibited him from amending his complaint to include claims against the city as a defendant because

of Roberson's failure to file an amended complaint during the intervening eleven months.

The case proceeded to trial on October 12, 1999, on Roberson's remaining claim against Riggs in his individual capacity. Selected from the roles of registered voters, the venire panel was composed solely of white men and women, as was the jury that was empaneled. The jury returned a verdict in favor of Riggs.

## II.

Roberson appeals the district court's decision dismissing the claims against Sheckell and against Riggs in his official capacity, its refusal to grant him leave to amend his complaint to add the city as a defendant, and its decision overruling his objection to the racial composition of the jury. We reverse the court's dismissal of the claims against Sheckell in his individual capacity and its denial of leave to amend the complaint, and affirm its determinations on the jury issue and the dismissal of the claims against the officers in their official capacities.

## A.

We first consider Roberson's contention that the district court improperly granted summary judgment against him. Roberson urges us to adopt a rule requiring that, upon filing of summary judgment motions, district courts must provide pro se prisoner litigants with notice that, if they fail respond with an affidavit or other evidence within ten days, an adverse judgment may be entered against them. See Anderson v. Angelone, 86 F.3d 932, 934-45 (9th Cir. 1996) (summarizing notice rule); Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982) (creating notice requirement); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (adopting D.C. Circuit notice rule); Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968) (creating notice requirement); Moore v. Florida, 703 F.2d 516, 519 (11th Cir. 1983) (citing Fourth, Seventh, and D.C.

Circuit rules). We conclude that because Roberson's verified complaint was sufficient to create a genuine issue of material fact as to Sheckell's participation in the shooting, summary judgment was inappropriate against Sheckell in his individual capacity. We therefore do not reach the notice issue.

"We review a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rabushka v. Crane Co., 122 F.3d 559, 562 (8th Cir. 1997).

A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992), and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint, 28 U.S.C. § 1746. Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion. Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991).

Roberson's initial complaint was signed and dated and averred "under penalty of perjury" that its contents were true. The complaint stated that Sheckell participated in the chase and fired the shots that hit Roberson. Sheckell's motion for summary judgment was based on his contention, supported by affidavit, that "Sheckell was not on duty at the time of the events alleged in Plaintiff's complaint and had no active role in Plaintiff's arrest." The court cited Sheckell's affidavit, and concluded that "Sheckell has demonstrated a lack of genuine issues of material fact, and due to plaintiff's failure to respond, defendant is entitled to judgment as a matter of law." In reaching this conclusion, the court failed to accord the verified complaint its proper weight. Treating the verified complaint as an affidavit for summary judgment purposes, we conclude that

Roberson's statements in the complaint were sufficient to create a genuine fact issue sufficient to survive the summary judgment motion. Even if we accept that Sheckell's statements that he was "not on duty" when the shooting took place necessarily support the proposition that he was not involved, Roberson's assertion that Sheckell was the officer who shot him stands in direct contradiction and creates a factual dispute as to Sheckell's participation. We therefore reverse the dismissal of the claim against Sheckell in his individual capacity.

Roberson also appeals the court's dismissal of his claims against Sheckell and Riggs in their official capacities. State officials in their official capacity are not persons amenable to suit under § 1983. Hafer v. Melo, 502 U.S. 21, 26 (1991). Thus, Sheckell and Riggs were entitled to judgment as a matter of law on these claims, and any failure in notice to Roberson was at most harmless error. See United States v. McCrady, 774 F.2d 868, 874 (8th Cir. 1985). We affirm the judgment dismissing those claims.

**B.**

Roberson's next contention is that the district court erred in prohibiting him from amending his complaint to include the city of Hayti as a defendant. We review an order denying leave to amend a complaint for abuse of discretion. In re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999). Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a)[1], a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue

---

[1]Appellees contend that the denial of leave is properly reviewed under the stricter standards for enforcement of scheduling orders under Rule 16. We disagree, both because the court's language suggests that it was exercising its Rule 15(a) authority by placing a condition on its grant of leave, and because the court's consideration of Roberson's second amended complaint on other issues is inconsistent with the view that it was enforcing a scheduling order requiring pleadings to be finalized by a certain date.

delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. Foman v. Davis, 371 U.S. 178, 182 (1962); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment. Sanders, 823 F.2d at 217. "The burden of proof of prejudice is on the party opposing the amendment." Id.

In its March 3, 1997, order dismissing the claims against the police department, the district court initially granted Roberson's request for leave to amend his complaint to add the city as a defendant. The court specifically required him, however, to file an amended complaint containing his claims against the city. In its February 4, 1998, order appointing counsel for Roberson, the district court stated: "On March 3, 1997, the court granted plaintiff's motion for leave to add the City of Hayti as a defendant in an amended complaint. Plaintiff's failure to do so has foreclosed his ability to do so at this late date." On March 13, 1998, Roberson's counsel filed a second amended complaint containing Roberson's claims against the city and his amended pleadings against Riggs. The district court did not allow the claim against the city to be submitted to the jury, however, and the case proceeded solely on the claim against Riggs.

We conclude that the district court erred in denying Roberson leave to file an amended complaint adding the city as a defendant. The district court's orders and rulings do not indicate that the court believed that the city would have been prejudiced by the amendment of the complaint, nor does our review of the record suggest that prejudice was likely. Our cases do not support the proposition that an eleven-month delay is prejudicial per se. E.g. Sanders, 823 F.2d at 217 (holding some showing of prejudice from delay required); United States v. Vorachek, 563 F.2d 884, 885 (8th Cir. 1977) (eleven-month delay in filing amended complaint not sufficient grounds for denying leave to amend absent any prejudicial effect). We find unpersuasive the city's assertion that the delay somehow prejudiced its ability to prepare its defense. The city would have had more than a year and a half to prepare a defense. Moreover, it had

-6-

notice from the court's March 3, 1997, order, as well as from Roberson's initial complaint against the police department, that Roberson intended to bring claims against it, and the claims set forth in the second amended complaint are typical of those alleged in a section 1983 action. Finally, the bulk of the evidence the city would have required to defend itself against Roberson's claims that its conduct contributed to his shooting was already in the city's possession. Accordingly, we conclude that the district court erred in denying leave to amend.

## C.

Roberson's contention is that the composition of his jury panel violated the fair cross section requirement for jury selection. In order to show a prima facie case of violation of the fair cross section requirement, Roberson must show (1) that blacks are a distinctive group in the community, (2) that the representation of blacks in the jury pools was not fair and reasonable when considered with the number of blacks in the community, and (3) that the under-representation is due to systematic exclusion of blacks in the jury selection process. Floyd v. Garrison, 996 F.2d 947, 949 (8th Cir. 1993).

The district selection plan for the Eastern District of Missouri calls for the selection of jurors from voter registration roles, and, in counties where more than five percent of the population is black, from the roles of licensed drivers as well. Roberson does not argue, and the record does not support, that there was any deviation from the plan in his case. Instead, Roberson argues that the historical under-representation of blacks among voters creates a systematic exclusion of blacks from jury pools when voter registration is used to select potential jurors.[2] Roberson grounds his claim in his

---

[2]Although Roberson's arguments seem to assume that voter registration alone was used to select the venire pool, he does not argue that the district court deviated from its jury selection plan. If Roberson's statistical analysis of the district is correct,

assertion that "the percentage of the African American population of the district stands at 6.82 percent. It is undisputed that the total number of African Americans in the jury pool for the Appellant's trial was exactly <u>zero</u>." Thus, he concludes, there must be a systematic exclusion of African Americans from the jury selection process. Roberson has not submitted evidence of the racial composition of any venire panel other than his own.

"We have consistently approved the use of voter registration lists to select jury pools." <u>Floyd</u>, 996 F.2d at 949.

> Even if proportionally fewer blacks register to vote, "[t]he mere fact that one identifiable group of individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional." Absent proof that obstacles are placed in the path of blacks attempting to register to vote, voter registration lists may be used as the sole source for selecting jury pools.

<u>Id.</u> (quoting <u>United States v. Clifford</u>, 640 F.2d 150, 156 (8th Cir. 1981)). "Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion." <u>Singleton v. Lockhart</u>, 871 F.2d 1395, 1399 (8th Cir. 1989). "To demonstrate the existence of systematic exclusion, a defendant must prove unfair underrepresentation of the excluded group on his venire and in general on other venires in the relevant judicial system near the time of his trial." <u>Id.</u> at 1398. Because Roberson has not demonstrated any systematic exclusion of blacks from venire panels, we affirm the court's decision on this issue.

The judgment entered on the jury's verdict in favor of Riggs is affirmed, as is the dismissal of the official-capacity claims against Sheckell and Riggs. The order granting

---

the plan would have required the inclusion of names of licensed drivers as well as registered voters.

summary judgment in favor of Sheckell on the individual-capacity claim against him and denying the motion for leave to amend the complaint is reversed.  The case is remanded to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.