# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1280

_____

Terry Dean Gray,

        Appellant,

        v.

Sara McQuilliams, Warden, North
Central Unit, Arkansas Department
of Corrections; Debra Harris, Mrs.,
Law Library Supervisor, North
Central Unit, Arkansas Department
of Correction; Larry May, Assistant
Director, Arkansas Department of
Correction,

        Appellees.

Appeal from the United States
District court for the Eastern
District of Arkansas.

[UNPUBLISHED]

_____

Submitted:  July 2, 2001

Filed:  July 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Terry Gray appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action against three Arkansas Department of Correction (ADC) employees. Mr. Gray claimed that defendants violated his right of access to the courts in a prior section 1983 action he had filed, because of inadequacies in ADC's law library, library-use policy, and legal assistance. We affirm.

Having reviewed the record de novo, we agree with the district court that Mr. Gray could not show the alleged deficiencies resulted in any actual injury in his prior action, because it was dismissed for failure to exhaust administrative remedies. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (inmate cannot establish relevant actual injury simply by establishing that prison law library or legal-assistance program is theoretically subpar, but must demonstrate that alleged shortcomings hindered efforts to pursue legal claim). We need not consider Mr. Gray's contention that if he had been afforded library access and legal assistance he would have argued that exhaustion was not required, because he raises this contention for the first time on appeal. See Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999) ("we will not consider arguments raised for the first time on appeal"). In any event, none of the supporting cases he cites hold that 42 U.S.C. § 1997e(a) does not require an inmate to exhaust available administrative remedies before filing a section 1983 conditions-of-confinement action. See Castano v. Neb. Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir.) ("we are not free to engraft upon [§1997e(a)] an exception that Congress did not place there"), cert. denied, 121 S. Ct. 266 (2000).

---

[1]The Honorable Henry L. Jones, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Mr. Gray also argues that the district court erred in failing to rule on his claim that certain correctional officers retaliated against him. This argument lacks merit, however, as the officers involved were not named as defendants.

The district court also denied Mr. Gray leave to file two amended complaints in which he sought to bring additional retaliation claims. To the extent Mr. Gray's argument concerning the district court's failure to rule on his retaliation claim encompasses a challenge to the court's denial of leave to amend, we see no abuse of discretion. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (standard of review). The court already had given Mr. Gray multiple opportunities to amend, and one of the proposed amended complaints would have been futile, while the other was non-specific and conclusory. See id. (denial of leave to amend is appropriate if amendment would be futile).

Accordingly, we affirm, and we deny Mr. Gray's pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.