# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1366

_____

Michael H. Brown,                *
                                   *

        Appellant,      *
                                   *  Appeal from the United States

   v.                        *  District Court for the
                                 *  Western District of Missouri.

Mike Peterson; Wanda LaCour; Denis  *
Agniel; Robert Holden,         *  [UNPUBLISHED]
                                 *

        Appellees.      *

_____

Submitted:  November 28, 2005
Filed:  December 8, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Brown appeals the district court's[1] order dismissing his 42 U.S.C. § 1983 suit against three Missouri Parole and Probation Board employees and former Missouri Governor Robert Holden. Brown claimed due process violations and slander stemming from the refusal to grant his fiancée, whom he married during the course of the litigation, a parole transfer from Texas to Missouri. In an attempt to amend his complaint, Brown claimed a violation of his right to marry and loss of consortium.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Having carefully reviewed the record and the parties' submissions on appeal, we conclude the judgment of the district court was correct. See Morstad v. Dep't of Corr. and Rehab., 147 F.3d 741, 743 (8th Cir. 1998) (de novo review).

First, Brown lacked standing to bring a claim challenging the refusal to grant Ryan a parole transfer, and his claims did not fall within the narrow exception for third-party standing. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (to have standing plaintiff must assert his own legal rights and interests); see also Kowalski v. Tesmer, 125 S. Ct. 564, 567 (2004) (there may be circumstances where it is necessary to grant a third party standing to assert rights of another; to claim exception, party must show a "close" relationship with person who possesses right and that there is a "hindrance" to possessor's ability to protect own interests).

Second, the court was within its discretion in declining to exercise supplemental jurisdiction over Brown's remaining state-law slander claim. See 28 U.S.C. § 1367(c)(3) (federal district court has discretion to decline to exercise jurisdiction over supplemental claims when it has dismissed all claims over which it has original jurisdiction).

Third, the district court did not abuse its discretion in implicitly denying Brown's motion for leave to amend his complaint. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (denial of leave to amend is reviewed for abuse of discretion; denial is appropriate when amendment is futile); Toronto-Dominion Bank v. Cent. Nat'l Bank & Trust Co., 753 F.2d 66, 68 n.5 (8th Cir. 1985) (denial of pending motion may be implied from entry of final judgment). Brown's own allegations that he and Ryan had in fact married defeated his proposed right-to-marry claim, and the court was not required to exercise jurisdiction over his proposed loss-of-consortium claim.

Accordingly, we affirm. We also deny the pending motion.

_____