# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 05-2410

————————

Clayton James Hanks,               *
                                    *

       Plaintiff - Appellant,     *

                                    *   Appeal from the United States

    v.                      *   District Court for the

                                    *   District of Minnesota.

David Prachar, Jail Administrator;  *

Brad Kenney; Penny Wheatman, and  *   [PUBLISHED]

numerous St. Louis County,       *

Minnesota, Jail staff,         *

                                    *

       Defendants - Appellees.   *

————————

Submitted: July 5, 2006
Filed: August 4, 2006

————————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

————————

PER CURIAM.

Former Minnesota inmate Clayton James Hanks appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Hanks sued for injunctive relief and damages against St. Louis County Jail (Jail) Administrator David Prachar, Brad Kenney, and Penny Wheatman. He claimed Eighth Amendment and due process violations based on incidents that he alleged occurred when he was a pretrial detainee in 1998 and 1999: he was placed in four-point restraints, chained to a wall in a "rubber room," forced to shower in waist chains and shackles, and

denied hearings before being punished. He also alleged that he pleaded guilty to then pending criminal charges only to escape the abuse.

We conclude that the district court erred by ignoring Hanks's request, in his preservice challenge to the denial of appointed counsel, for permission to resubmit his complaint with a correction as to the capacity in which he was suing defendants. Cf. Thornton v. Phillips County, Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (while original complaint was subject to dismissal for failure to state claim, plaintiff's objections to magistrate's report should have been treated as motion for leave to amend complaint). We further conclude that it was an abuse of discretion to deny Hanks's subsequent motion for leave to amend. As one reason for the denial, the court cited prejudice to defendants from the delay, but defendants--who on appeal indicate they were not served with the motion to amend--were not directed to respond to the motion, and they readily admit that Hanks had sued them in their individual capacities in another lawsuit filed around the same time. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (standard of review; under liberal amendment policy, delay alone is not reason to deny leave, and burden of proving prejudice is on party opposing amendment).

We agree with the district court that Hanks's requests for injunctive relief are moot because he is no longer incarcerated at the Jail, see Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), and that the capable-of-repetition-yet-evading-review exception does not apply here, see Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999) (discussing exception).

As to the damages claims, however, we find that summary judgment was improperly granted. See Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001) (standard of review). Prachar's affidavit and the Jail records--which support many of Hanks's verified complaint allegations, see Roberson, 241 F.3d at 994-95 (verified complaint is equivalent of affidavit for summary judgment purposes)--create a

genuine issue of material fact as to whether defendants punished Hanks (age 17 during most of the period at issue) by using one- to four-point restraints for long intervals when he was also locked down, and by periodically confining him in the padded unit. See Bell v. Wolfish, 441 U.S. 520, 535-38 (1979) (pretrial detainees may be subjected to restrictions so long as they do not amount to punishment; absent showing of express intent to punish, determination generally turns on whether alternative purpose to which restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to that purpose); A.J. by L.B. v. Kierst, 56 F.3d 849, 854 (8th Cir. 1995) (pretrial detainees' conditions-of-confinement claims come under more protective Fourteenth Amendment; due process standard applied to juvenile pretrial detainees should be even more liberally construed). Incidents of property destruction are arguably constitutionally valid reasons for restraining Hanks for short periods when he was already locked down, to prevent further damage. See Bell, 441 U.S. at 540 (steps to maintain security and order do not amount to unconstitutional punishment). But long periods of in-cell restraints would not be justified by such property destruction, by the staff's fears of Hanks due to his mere threats, or by Hanks's improper and excessive phone calls. See id. at 539 & n.20 (if restriction or condition is not reasonably related to legitimate goal, court permissibly may infer that purpose is punishment, and retribution and deterrence are not legitimate nonpunitive government objectives). Finally, the Jail's restraint policy on its face is consistent with the standards announced in Bell, but there are trialworthy issues as to the application of the policy to Hanks.

We agree with Hanks that Heck v. Humphrey, 512 U.S. 477 (1994), likely did not apply, given that he had already served his sentence on the 1998 charges when he filed the instant lawsuit, see Jiron v. City of Lakewood, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (suggesting Heck does not apply when plaintiff is no longer in custody for offense); and that Sandin v. Conner, 515 U.S. 472 (1995), does not apply to pretrial detainees, see Surprenant v. Rivas, 424 F.3d 5, 17 (1st Cir. 2005). While the record shows that Hanks either waived a hearing or pleaded guilty when charged with

disciplinary offenses, it does not reveal what process was provided when the decisions were made to otherwise keep him in restraints.

Accordingly, we affirm the grant of summary judgment on the claims for injunctive relief, we reverse the grant of summary judgment on the claims for damages, and we remand for further proceedings consistent with this opinion.

_____