# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2577

_____

| | | |
|---|---|---|
| Johnnie Jones Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas Game & Fish | * | |
| Commission; Dale Oldham, In his | * | |
| official and individual capacity as | * | Appeal from the United States |
| Shirey Bay/Rainey Brake Area | * | District Court for the |
| Manager, | * | Eastern District of Arkansas. |
| | * | |
| Appellees, | * | [UNPUBLISHED] |
| | * | |
| Robert Zachary, In his official and | * | |
| individual capacity as Region I | * | |
| Supervisor for AGFC, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 14, 2007
Filed: June 26, 2007

_____

Before COLLOTON, HANSEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Johnnie Jones, Jr., began working at the Arkansas Game & Fish Commission ("the AGFC") in February 1998. The AGFC reassigned him from the Shirey Bay Wildlife Management Area ("Shirey Bay") to the Black River Wildlife Management Area ("Black River") in 2003 because Black River was understaffed. Jones brought suit in 2004 against the AGFC and his supervisors, Dale Oldham and Robert Zachary, under Title VII of the Civil Rights Act of 1964, the Arkansas Civil Rights Act of 1993 and 42 U.S.C. §§ 1981 and 1983, alleging that he was reassigned from Shirey Bay to Black River in retaliation for filing a previous racial discrimination grievance and that he was subjected to a hostile work environment.

At trial, the district court[1] excluded certain evidence that Jones sought to present to the jury concerning conduct within the AGFC but outside of the region where Jones worked. The district court did not allow AGFC employees to testify about hearing isolated, racial statements because the statements did not involve Jones's work region or any decision made regarding Jones, Jones was not present when the statements were made, and the employees were unable to recollect either who spoke the statements or when exactly they heard the statements. The district court also excluded evidence of racial animus that occurred within the general community surrounding Black River but not involving the AGFC, including evidence that two mayors of towns near Black River used the word "nigger" on separate occasions, that a woman told Jones an African-American family was forced to leave the area surrounding Black River, and that a hate crime against an African-American occurred prior to trial. The district court did permit Jones to submit other evidence of alleged discriminatory conduct within the AGFC, including evidence that Zachary and Oldham used the word "nigger" in talking with or referring to Jones and that other employees used the word "nigger."

---

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

The jury pool selected for this trial did not contain any African-Americans, and the resulting jury consisted of twelve Caucasians. During trial, the district court excused one juror after she had a fainting spell. Before the juror fainted, Jones's attorney had sought a hearing to determine whether that juror had spoken with Zachary's wife at trial. Since the juror was excused before the hearing, the district court determined that the issue was moot and the hearing unnecessary. Jones's attorney did not object to the district court's determination. The remaining eleven jurors rejected Jones's claims and returned a verdict in favor of the AGFC, Oldham and Zachary. Jones then filed a motion for a new trial which the district court denied.

On appeal, Jones argues that the district court erred in denying his motion for a new trial. "We review a district court's denial of a motion for new trial with great deference, reversing only if the district court clearly abused its discretion." *Wilson v. City of Des Moines*, 442 F.3d 637, 640 (8th Cir. 2006). Jones's arguments to this court include both preserved and unpreserved issues. By lodging timely objections during the trial, he has preserved his claims that the district court made incorrect evidentiary rulings. However, after failing to object timely, Jones argues on appeal that the jury pool and jury improperly lacked African-Americans, that the district court erred in handling possible juror misconduct and that the district court failed to take judicial notice that the community surrounding Black River was more racially hostile than the community surrounding Shirey Bay.

Jones argues that the district court abused its discretion by excluding evidence of racially discriminatory statements made within the AGFC but outside of Jones's region and racially discriminatory conduct within the general community surrounding Black River because the evidence was relevant to his claims of retaliation and hostile work environment. "When a motion for new trial is based on rulings regarding the admissibility of evidence, the district court will not be reversed absent a clear and prejudicial abuse of discretion." *Wilson*, 442 F.3d at 640-41 (quotation omitted). We

"will grant a new trial on the basis of incorrect [evidentiary] rulings only if a different outcome is likely." *Jones v. Swanson*, 341 F.3d 723, 735 (8th Cir. 2003).

We conclude that the district court did not clearly abuse its discretion in excluding either the evidence of statements within the AGFC but outside of the region where Jones worked or the evidence concerning statements within the general community surrounding Black River because any probative value of the excluded evidence was substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *Jones*, 341 F.3d at 735 (finding that any probative value of evidence that "may have been remotely relevant" was substantially outweighed by the prejudicial effect). The excluded evidence concerned vague, isolated incidents that occurred over an imprecise time frame, not involving Jones's workplace or any decision made regarding Jones. Even if this evidence were "remotely relevant" to Jones's claims, any probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues likely to result from the vagueness of the proffered evidence and the lack of its connection to Jones or his supervisors.

Furthermore, since the jury heard Jones's remaining evidence, including the clearly relevant evidence that Oldham, Zachary and other AGFC employees used the word "nigger," and nonetheless rejected Jones's claims, we find that a different outcome resulting from a new trial including this vague and, at best, remotely relevant evidence is unlikely. *See Mems v. City of St. Paul, Dept. of Fire & Safety Servs.*, 327 F.3d 771, 780 (8th Cir. 2003) (finding no abuse of discretion in excluding certain evidence and, that even assuming error, the evidence would not have altered the outcome of the jury verdict). Therefore, the district court did not clearly abuse its discretion in excluding this evidence.[2]

---

[2]Jones cites *Williams v. ConAgra Poultry Co.*, 378 F.3d 790 (8th Cir. 2004), without any meaningful argument. We find that the evidence excluded in this case is not of the same character and magnitude as the evidence deemed not to have been an abuse of discretion for the district court to have admitted in *Williams*.

We review Jones's remaining, unpreserved arguments for plain error. *See Yannacopoulos v. Gen. Dynamics Corp.*, 75 F.3d 1298, 1304 (8th Cir. 1996) (holding that a party failed to object timely to jury issues when he waited until the end of the case to object); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 917 (8th Cir. 2005). Under plain error review, Jones has the burden "to show an obvious error affected [his] substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 835 (8th Cir. 2005).

We find no plain error with respect to the jury pool and jury in this trial because Jones does not provide any evidence or argument to support a finding of a systematic exclusion of African-Americans in the jury selection process. *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 996-97 (8th Cir. 2001) (finding that the absence of any African-Americans in the jury pool without further evidence by the plaintiff was not a systematic exclusion of African-Americans).

We also find no plain error in the district court's decision to excuse the juror, who allegedly had contact with Zachary's wife, because of her fainting spell. *See United States v. McMasters*, 90 F.3d 1394, 1402 (8th Cir. 1996) (holding that the district court did not abuse its discretion because it had a legitimate basis for its decision to dismiss an ill juror). Here, Jones does not dispute that the juror fainted. Moreover, the record does not include any evidence that the juror talked with Zachary's wife or relayed any information to other jurors before the district court excused her, and we refuse to speculate as to whether Jones could have developed such evidence had he continued to press for a hearing. Without such evidence and because the district court had a legitimate basis for its decision, we cannot find plain error in the district court's decision to excuse an ill juror.

Finally, we find no plain error in the district court's failure to take judicial notice that the area surrounding Black River was more racially hostile than the area

surrounding Shirey Bay. Jones did not ask the district court to take judicial notice of this fact during trial, and the district court itself noted in a post-trial order that "[t]he facts surrounding this case come nowhere near the requirements of F.R.E. 201 [regarding judicial notice]." *See* Fed R. Evid. 201(b); *Holloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987) (stating that judicial notice is not appropriate when a fact can only be determined by "evaluating the testimony and credibility of various witnesses"). We agree and conclude that the district court did not plainly err in its decision not to take judicial notice of this alleged fact.

Accordingly, we affirm the judgment of the district court.

_____