# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1171

_____

Mark Conner,                                    *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   Eastern District of Arkansas.
Jane Doe, Infirmary Employee,                   *
Jefferson County Jail; Nnamdi                   *   [UNPUBLISHED]
Ifediora, Dr., Jefferson County Jail            *
(originally sued as John Doe),                  *
                                                *
            Appellees.                          *

_____

Submitted: July 31, 2008
Filed: August 5, 2008

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Mark Conner appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. We grant Conner's in forma pauperis motion and leave the fee collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. See Jones v. Bock, 127 S. Ct. 910, 915, 921 (2007). Defendant Dr. Ifediora offered the Jefferson County Jail (JCJ) grievance policy, and the JCJ grievance officer's declaration that there was no record of Conner's having filed any grievance during his 2006 detention at JCJ. This evidence was insufficient to establish failure to exhaust in the face of Conner's assertion in his verified complaint that he had filed at least two relevant grievances but did not receive copies of them or responses to them. See Hanks v. Prachar, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam) (noting that verified complaint is equivalent to affidavit for summary judgment purposes); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (de novo review of district court's application of Prison Litigation Reform Act, and clear-error review of its findings of fact); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)); cf. Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001) (district court lacked sufficient factual basis to find failure to exhaust where evidence at trial showed that prison officials refused to respond to inmate's informal resolution request and thus that inmate was precluded from completing grievance process).

Accordingly, we hold that dismissal for failure to exhaust was unwarranted on the record before the district court, and we reverse and remand for further proceedings consistent with this opinion.

_____