**FEDERAL INSURANCE COMPANY,**
Plaintiff,

v.

**SAMMONS FINANCIAL GROUP, INC.,
Midland National Life Insurance Company, North American Company for Life and Health Insurance, Defendants.**

Sammons Financial Group, Inc., Midland National Life Insurance Company, North American Company for Life and Health Insurance, CounterClaimants,

v.

**Federal Insurance Company,
CounterDefendant.**

**CIVIL NO. 4:08–CV–00288–RP–TJS**

United States District Court,
S.D. Iowa,
Central Division.

Signed 06/12/2013

Jeff H. Jeffries, Hopkins & Huebner PC, Des Moines, IA, Karen Y. Bonvalot, Stanley J. Lehman, Sherrard German & Kelly, PC, Pittsburgh, PA, Thomas McKay, III, Cozen O'Connor, P.C., Cherry Hill, NJ, for Plaintiff/CounterDefendant.

Amy J. Fink, Carolyn Ann Woodson, Donald Robert Erlandson, Tara C. Kowalski, Tyrone R. Childress, Los Angeles, CA, Wade R. Hauser, III, David H. Luginbill, Ahlers & Cooney PC, Des Moines, IA, for Defendants/CounterClaimants.

## ORDER ON MOTION FOR LEAVE TO AMEND COUNTERCLAIM

THOMAS J. SHIELDS, UNITED STATES MAGISTRATE JUDGE

### I.  INTRODUCTION

Before the court is a Motion for Leave to Amend Counterclaim (Doc. No. 187) filed by Sammons Financial Group, Inc., Midland National Life Insurance Company and North American Company for Life and Health Insurance (collectively, "Sammons") on February 8, 2013. Sammons submitted a copy of its proposed Second Amended Counterclaim (Doc. Nos. 187–1 & 187–2), with an affidavit of counsel (Doc. No. 187–3) and red-lined version (Doc. No. 187–4) demonstrating the proposed amendments.

Federal Insurance Company ("Federal") filed a Memorandum in Resistance (Doc. No. 191) on March 4, 2013, with an affidavit of counsel and attached exhibits (Doc. Nos. 191–1 thru 191–5). Federal contends that Sammons cannot satisfy the good-cause requirement of Federal Rule of Civil Procedure 16(b)(4) when leave to amend is sought after the expiration of the deadline for amending pleadings or the standards under Rule 15(a)(2) for amending a pleading.

Sammons filed a Reply (Doc. No. 194) on March 15, 2013. Sammons asserts that its motion satisfies the requirements of both rules.

The court heard oral arguments on May 8, 2013, and considers the matter fully submitted. For the reasons which follow, and under the specific circumstances and current status of this litigation, Sammons will be granted leave to file its amended counterclaim.

### II.  BACKGROUND

Because Federal raises challenges to the motion to amend based on timing and alleged delay and prejudice, a historical review of the case, which is nearing five years in age, is warranted. Federal filed a Complaint for Declaratory Relief (Doc. No. 1) on July 21, 2008. As described therein, Federal is a stock insurance company. Sammons Financial Group, Inc. is an insurance holding company whose insurance subsidiaries, Midland National Life Insurance Company and North American Company for Life and Health Insurance, provide life insurance and annuity products nationwide. (*Id.* ¶¶ 3–4.)

The Sammons entities are insureds under an Insurance Company Professional Liability Policy issued by Indian Harbor Insurance Company ("Indian Harbor"). (*Id.* ¶ 8.) Federal issued a $10,000,000 Excess Policy to Sammons for the policy period November 7, 2004 to November 7, 2006. (*Id* ¶ 9.) Indian Harbor

issued a second layer excess policy for the same period.

Sammons submitted to Federal for coverage certain lawsuits against Sammons involving allegations of improper marketing and sale of deferred annuities to senior citizens. (*Id.* ¶ 10.) According to Sammons, Indian Harbor acknowledged coverage for the claims and fully paid the limits of its primary policy.

In this action, Federal seeks a declaratory judgment that it has no duty to indemnify Sammons or advance defense costs in connection with the underlying lawsuits. (*Id.* ¶ 7.) Federal's Complaint contains ten counts of action.

On February 4, 2009, United States District Court Judge Robert W. Pratt denied a motion to dismiss filed by Sammons, and its request to transfer venue. (Order (Doc. No. 36).) An alternative request to stay was granted as to Counts V through VIII of Federal's Complaint, but was denied as to Counts I through IV, and IX through X. (*Id.*)

Sammons subsequently filed an Answer to Complaint for Declaratory Relief and Counterclaim for Declaratory Relief (Doc. No. 39) on February 18, 2009. In the Counterclaim, Sammons seeks a declaration that the terms of the Excess Policy obligate Federal to pay defense costs, charges and expenses as they are incurred in connection with the underlying lawsuits. (Counterclaim ¶¶ 1–5.)

In August of 2010, Federal filed a Motion to Compel (Doc. No. 100) and Sammons filed a Motion for Leave to Amend Counterclaim (Doc. No. 103). This magistrate judge found that the parties' ongoing discovery would require significant inquiry into the facts of the underlying cases, and believed it would be prudent to stay discovery until those lawsuits were resolved. (Order (Doc. No. 116).) Federal's motion was denied without prejudice to raise the discovery issues after the stay had been lifted. (*Id.*) Sammons was granted leave to amend their counterclaim to allege a claim of bad faith against Federal. (*Id.*) The First Amended Counterclaim (Doc. No. 117) was filed on November 9, 2010.

On February 24, 2012, the stay of the action was lifted as to all claims and counterclaims pursuant to agreement by the parties. (Text Order (Doc. No. 137).) Trial was scheduled to begin in November of 2013. (Trial & Scheduling Order (Doc. No. 139) ¶ 1.) The deadline for filing motions for leave to amend pleadings was set for August 1, 2012. (*Id.* ¶ 3.) Discovery was to be completed by June 1, 2013, and dispositive motions filed by July 10, 2013. (*Id.* ¶¶ 6, 7.)

In accordance with a schedule set by the court, the parties filed motions to compel discovery on March 6, 2012. This magistrate judge ruled on the motions on July 20, 2012 (Doc. No. 170). Federal filed a Rule 72 Objection (Doc. No. 172) to part of the ruling on August 6, 2012, and a Motion for Judgment on the Pleadings (Doc. No. 173) as to the counterclaim for bad faith on August 10, 2012.

On September 18, 2012, the case was reassigned from Judge Pratt to United States District Court Judge Stephanie M. Rose who had recently been appointed to the bench. (Doc. No. 179.)

On January 18, 2013, and after discussion with counsel, this magistrate judge vacated all scheduling deadlines and the trial date until after rulings were entered on the pending objection and motion. (Doc. No. 185.) The parties intended to continue to proceed with discovery and any other matters as possible. (*Id.*)

On February 8, 2013, Sammons filed their Motion for Leave to Amend Counterclaim (Doc. No. 187). An Order (Doc. No. 188) on Federal's Motion for Judgment on the Pleadings was entered February 13, 2013, followed by an Order (Doc. No. 197) on the Rule 72 Objection entered March 21, 2013.

At the request of the court, counsel for the parties provided proposed schedules, including a new trial date, which were discussed during a status conference held on May 16, 2013. A new Trial and Scheduling Order (Doc. No. 209) was entered the next day setting trial for November 2014. (*Id.* ¶ 1.) New deadlines were also set for filing motions for leave to amend pleadings (November 1, 2013), designating expert witnesses (February–April 2014), completing discovery

(May 2, 2014), and filing dispositive motions (June 5, 2014). (*Id.* ¶¶ 3, 5–7.)

## III. APPLICABLE STANDARDS

■ Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As instructed by the United States Supreme Court, the mandate of Rule 15(a)(2) "is to be heeded."

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ According to the Eighth Circuit, "[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000)(referring to *Foman* for the "classic" good reasons for rejecting an amendment). Denial "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir. 2001)(citing *Foman* ). " 'The burden of proof of prejudice is on the party opposing the amendment.' " *Id.* (quoted citation omitted).

> A liberal amendment policy, however, is in no way an absolute right to amend. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend.

*Popp Telcom,* 210 at 943 (citations omitted); *see also, e.g., Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008)(discussing standard under Rule 15(a)(2)); *Baptist Health v. Smith,* 477 F.3d 540, 544 (8th Cir. 2007)(same); *Doe v. Cassel,* 403 F.3d 986, 990–91 (8th Cir. 2005)(same); *Thompson–El v. Jones,* 876 F.2d 66, 67–68 (8th Cir. 1989)(same); *Brown v. Kerkhoff,* 504 F.Supp.2d 464, 545 (S.D. Iowa 2007)(same); *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.,* 384 F.Supp.2d 1334, 1346–48 (S.D. Iowa 2005)(same).

■ Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Similarly, this court's Local Rules provides that deadlines "will be extended only upon written motion and a showing of good cause." L.R. 16(f). This "good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman,* 532 F.3d at 716; *see also Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir. 2003). The primary measure of good cause, as explained by the Eighth Circuit,

> "is the movant's diligence in attempting to meet the order's requirements." While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.

*Sherman,* 532 F.3d at 716 (internal citations omitted); *see also Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 947–49 (8th Cir. 2012)(quoting *Sherman,* 532 F.3d at 715–18); *Morrison Enters., LLC v. Dravo Corp.,* 638 F.3d 594, 610 (8th Cir. 2011)(same); *SmithCo Mfg. Inc. v. Haldex Brake Prods. Corp.,* 267 F.R.D. 250, 252–54 (N.D. Iowa 2010)(same); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 590 F.Supp.2d 1093, 1097–1101 (N.D. Iowa 2008)(same).

> Where there has been "no change in the law, no newly discovered facts, or any other changed circumstance ... after the scheduling deadline for amending plead-

ings," then we may conclude that the moving party has failed to show good cause. *Hartis*, 694 F.3d at 948 (quoting *Sherman*, 532 F.3d at 718).

## IV. DISCUSSION

Sammons requests leave to amend its counterclaim to allege a claim for breach of contract against Federal. In its First Amended Counterclaim (Doc. No. 117), Sammons requested declaratory judgment under Count I that "Federal has an immediate and continuing duty to pay Sammons' defense costs in connection with the Underlying Claim as they are incurred." (*Id.* ¶ 48.) Under Count II, Sammons alleged "Federal's conduct in adjusting and refusing to pay Sammons' defense costs due under the Policy in connection with the Underlying Claim constitutes bad faith." (*Id.* ¶ 52.)

In its proposed Second Amended Counterclaim (Doc. No. 187–1), Sammons adds Count III for breach of contract which alleges:

> Under the Excess Policy, Federal was obligated to pay defense costs, charges and expenses as they were incurred in connection with the Class Actions. Federal was further obligated to pay defense costs, charges and expenses (along with all damages, judgments, awards and settlements) upon resolution of the Class Actions. Federal has breached the Excess Policy by denying that it owes such obligations, and by refusing to pay Sammons any amounts for the defense costs, charges and expenses as they were incurred or upon resolution of the Class Actions.

(*Id.* ¶ 59.) As explained by Sammons, the breach of contract claim was not included in its prior counterclaim for declaratory judgment because the underlying lawsuits were still pending. Because the last of those lawsuits reached final resolution in January 2013, Sammons now seeks to add the claim.

Sammons contends the proposed amendments to the counterclaim are minimal and merely serve to update the status of the underlying lawsuits and the corresponding consequences under the excess policy. Sammons emphasizes its motion is based on a change in circumstances, not any dilatory or bad faith motive. Sammons argues the allowance of the amendment will not unduly prejudice Federal or cause undue delay because the case remains in its early stages. Sammons points out that no depositions have been taken, no experts have been designated, and no summary judgment motions have been filed. Sammons further suggests that the facts at issue in the breach of contract claim are nearly identical to those facts already at issue in Federal's own complaint and Sammons' counterclaim for declaratory relief and bad faith.

In resistance, Federal asserts Sammons fails to satisfy the good-cause requirement of Rule 16(b)(4). In its view, since the outset of this action, Sammons knew of and could have asserted its proposed claim that Federal breached the contract by failing to reimburse defense costs as they were incurred in the underlying lawsuits. Federal notes that Sammons asserted the same claim against Federal in a California action Sammons commenced in 2008.

Federal further contends that Sammons failed to exercise diligence with respect to bringing the claim that Federal breached the contract by failing to reimburse defense costs, or to reimburse damages, judgments, awards and settlements, upon resolution of the lawsuits. Federal asserts that Sammons knew the facts upon which the claims are based and could have asserted the claims prior to the August 1, 2012 deadline.

Federal argues that allowing Sammons' counterclaim for breach of contract would drastically change the pleadings, impose additional burdens on discovery, cause further delays, and be highly unfair and prejudicial.

The entry of a new Trial and Scheduling Order has, in the court's opinion, rendered Federal's arguments moot. With a new deadline for filing motions for leave to amend pleadings now set for November 1, 2013, the requirement of Rule 16(b)(4) for modifying the schedule "only for good cause" no longer applies. In addition, because the deadline to complete discovery has been reset for May 2, 2014, and dispositive motions are not due until June 5, 2014, any concerns related to either undue delay or unfair prejudice have been relieved. Federal will have ample op-

portunity to conduct appropriate discovery and assert its defenses to Sammons' breach of contract claim.

Even if those deadlines had not been reset, the court would still grant Sammons leave to amend under both Rule 15(a)(2) and Rule 16(b)(4). In the court's view, Sammons has made a sufficient showing of good cause to allow its proposed amendments to the counterclaim, even though the prior deadline for amending pleadings had passed. Contrary to Federal's arguments, the court believes Sammons has been sufficiently diligent in attempting to meet the scheduling deadlines set in this litigation, especially under its unique circumstances including the stay of the case for a significant period of time and reassignment to Judge Rose.

The court tends to agree with Sammons' suggestion that the actual impact of allowing the breach of contract claim at this point will be minimal as opposed to Federal's assertion that the proposed amendments will drastically change the case. This magistrate judge has conducted regular status conferences during which counsel for both parties have apprised and discussed the status of the underlying lawsuits and their impact on scheduling and discovery matters for this litigation. There is no evidence of undue delay, bad faith or dilatory motive on the part of Sammons. There has been no showing of futility of the proposed amendments. There is no unfair prejudice to Federal.

## V. CONCLUSION

For those reasons, the Motion for Leave to Amend Counterclaim (Doc. No. 187) shall be, and is hereby, granted. The Clerk of Court is directed to detach and file the amended counterclaim attached to the motion.

IT IS SO ORDERED.