# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2757
_____

Michael Lavern Boyd,

*Plaintiff - Appellant,*

v.

Doe, Health Services Administrator,

*Defendant,*

Greg Rechcigl, AHSA, East Arkansas Regional Unit; Amanda Sackett, Nurse,
EARU (originally named as Sackett); Kenneth L. Holder,

*Defendants - Appellees.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena
_____

Submitted: July 26, 2018
Filed: December 28, 2018
[Unpublished]
_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Michael Boyd brought a civil rights action against state corrections officials under 42 U.S.C. § 1983. The district court granted summary judgment for failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a), and Boyd appeals. We review the decision *de novo*. *King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1052 (2010).

We conclude that a genuine dispute of material fact remains as to whether Boyd exhausted administrative remedies that were available to him. A corrections official rejected Boyd's grievance appeal on the ground that he did not send all proper attachments—namely, the unit level grievance form and two other attachments that called for his name, his inmate number, and the date. But Boyd swore in his complaint and in his objections to the magistrate judge's recommendation that he had submitted all necessary grievance attachments, and that corrections officials had not returned the attachments to him. Further, the form that Boyd used to appeal the grievance determination did not show that he was required to include his name, Arkansas Department of Correction number, and date or include spaces for that information. There is a material dispute, therefore, about whether Boyd complied with the exhaustion requirement, either by submitting all of the required attachments at the appeal stage or by submitting whatever attachments were available to him after officials failed to return some forms to him with the decision on his grievance. A record keeper's declaration that a prisoner did not exhaust a grievance is insufficient to establish non-exhaustion as a matter of law when the prisoner makes sworn assertions that he took the necessary steps to exhaust. *See Conner v. Doe*, 285 F. App'x 304, 304 (8th Cir. 2008).

Accordingly, the judgment is reversed, and the case is remanded to the district court for further proceedings. Boyd's motion for an evidentiary hearing in the court of appeals is denied.

_____