# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3094

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Robert Roosevelt Houston, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: April 18, 2008
Filed: December 5, 2008

———————

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MELLOY, Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Robert Roosevelt Houston entered a conditional plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) after the district court[1] denied his motion to suppress evidence obtained following a traffic stop. He appeals the district court's denial of the motion to suppress. We affirm.

———————

[1] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

I.

Officer Daniel Martin of the Omaha Police Department was on patrol when he observed a Cadillac run a red light at the intersection of 30th and Bedford Streets. As Officer Martin approached the intersection traveling southbound, his light changed from red to green while the Cadillac was still moving westbound through the intersection. Martin turned on his lights and siren and called in the traffic stop to dispatch, but did not request backup. The Cadillac traveled another couple of blocks before stopping. Martin walked to the driver's side of the car and asked the driver, Robert Houston, for his license and registration. Officer Martin testified that he could smell a strong odor of marijuana coming from the vehicle, and he asked Houston why the vehicle smelled like marijuana. Houston responded that he had just finished smoking a joint. Officer Martin requested permission to search the vehicle and Houston agreed. Officer Martin then asked Houston to get out of the car so he could be patted down, and when he did so, Officer Martin placed him in handcuffs. Martin explained to Houston that he was not under arrest at this point, but was simply handcuffed for officer safety during the pat down. However, Officer Martin testified that Houston was not free to leave.

Officer Hasiak heard Officer Martin radio in a traffic stop and arrived as Houston was being handcuffed. Officer Hasiak took Houston's information back to Martin's cruiser to do a data check. Officer Martin then started to pat down Houston for weapons. During the pat down, Houston, with his hands cuffed behind his back, turned around and took off running. Officers Martin and Hasiak were able to quickly apprehend him. The officers then searched Houston and found crack cocaine in the waist band of his pants.

Houston argues that (1) the stop of his vehicle was not supported by reasonable suspicion of criminal activity or probable cause that a traffic violation had occurred; (2) his detention immediately following the traffic stop constituted an arrest and was

not supported by probable cause; and (3) the government willfully failed to preserve video evidence of the traffic stop in violation of his due process rights.

## II.

Houston asserts that the stop of his vehicle was not supported by reasonable suspicion or probable cause. In support of this argument, Houston points to testimony of Officer Martin in which he was unable to rule out several hypothetical justifications for why Houston may have been in the intersection after the light change. "In the context of suppression motions, we review the district court's factual findings for clear error and its legal determinations de novo." United States v. Kelly, 329 F.3d 624, 628 (8th Cir. 2003). We will affirm a denial of the motion "unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or based on the entire record, it is clear a mistake was made." United States v. Hogan, 539 F.3d 916, 921 (8th Cir. 2008).

A traffic stop is a seizure within the meaning of the Fourth Amendment and, as such, must be supported by reasonable suspicion or probable cause. United States v. Jones, 269 F.3d 919, 924 (8th Cir. 2001) (citing Delaware v. Prouse, 440 U.S. 648, 653 (1979)). A law enforcement officer has reasonable suspicion when the officer is aware of "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." United States v. Martin, 706 F.2d 263, 265 (8th Cir. 1983). The more rigorous standard of probable cause exists when the totality of the circumstances justifies the belief that a crime has been committed and the person being seized committed it. In the context of a traffic stop, "[a]ny traffic violation, however minor, provides probable cause." United States v. Martinez, 358 F.3d 1005, 1009 (8th Cir. 2004).

In this case, the district court found credible Officer Martin's testimony that he saw Houston run a red light. Both Officers Martin and Hasiak testified that Martin informed dispatch he was initiating a traffic stop at the intersection of 30th and

-3-

Bedford, and that the traffic stop was based on a red light violation. These findings were supported by the record and no evidence was introduced to the contrary. Although Officer Martin may not have been able to rule out all possible causes for why Houston may have been in the intersection, he is not required to do so. Probable cause is determined from a totality of the circumstances; and in this case Officer Martin did not indicate that he had any reason to believe Houston was in the intersection other than due to a traffic violation. Based on these facts, Officer Martin had probable cause to stop Houston for traveling through a red light in violation of Neb. Rev. Stat. § 60-667. Accordingly, the district court did not err in denying the motion to suppress.

III.

Next, Houston argues that the district court should have granted his motion to suppress because his detention following the traffic stop constituted a warrantless arrest and was not supported by probable cause. Houston points to testimony of Officer Martin stating that Houston was not free to leave at the time he was placed in handcuffs. Officer Martin, however, testified that Houston was not formally under arrest during the original pat down search. We need not determine whether Officer Martin's use of restraints rose to the level of a formal arrest because, even assuming an arrest occurred, Officer Martin had probable cause to arrest Houston for driving under the influence.

"To justify a warrantless arrest, probable cause must exist." United States v. Adams, 346 F.3d 1165, 1169 (8th Cir. 2003). Probable cause is determined from "the totality of the circumstances as set forth in the information available to the arresting officers at the time of the arrest." Id. (quoting United States v. Kelly, 329 F.3d 624, 628 (8th Cir. 2003)). A warrantless arrest complies with the Fourth Amendment "when the available facts and circumstances are sufficient to warrant a person of reasonable caution to believe that an offense was being or had been committed by the person to be arrested." Adams, 346 F.3d at 1169.

-4-

Here, the district court found that Officer Martin saw Houston run a red light and that Houston failed to pull over for several blocks after Officer Martin signaled him to stop. After approaching Houston's vehicle, Officer Martin smelled a strong odor of marijuana and questioned Houston about the odor. Houston admitted to having just smoked a joint. These facts are supported by the record and we cannot say that the district court clearly erred in making these findings.

After Officer Martin observed Houston commit a traffic violation and smelled marijuana coming from Houston's car, he had reasonable suspicion to investigate whether Houston was driving under the influence. See United States v Gipp, 147 F.3d 680, 685 (8th Cir. 1998) (finding reasonable suspicion to investigate further when police officer smelled odor of marijuana coming from defendant's car). Officer Martin asked Houston about the smell and Houston admitted to having just smoked a joint. At that point, Officer Martin had probable cause to arrest Houston for driving under the influence of a controlled substance. See United States v. Barry, 98 F.3d 373, 376-77 (8th Cir. 1996) (finding probable cause when officer observed defendant driving erratically and defendant admitted to consuming alcohol).

Nonetheless, Houston argues that Officer Martin never intended to arrest him for driving under the influence and did not follow his routine practices concerning DUI arrests. Officer Martin's routine investigatory practices, however, were irrelevant because Houston admitted to being under the influence of marijuana. Further, Officer Martin's subjective intent is immaterial because the defendant was formally arrested prior to the completion of the traffic stop and objective probable cause existed for the arrest. See United States v. Chauncey, 420 F.3d 864, 871-72 (8th Cir. 2005); see also United States v. Rambo, 789 F.2d 1289, 1294 (8th Cir. 1986) (holding that officer's subjective intent is "immaterial" where the offenses are closely related and probable cause exists). The fact that Houston was ultimately charged with possession, as opposed to DUI, does not impact the lawfulness of the arrest.

Accordingly, Officer Martin's pat-down search of Houston was justified as a search incident to a lawful arrest, and therefore the cocaine recovered during the search is admissible. See United States v. Adams, 346 F.3d 1165, 1170 (8th Cir. 2003) ("Because the officers had sufficient probable cause to arrest [the defendant] without a warrant, it follows that the contraband seized from the pat-down search incident to his arrest is admissible."). The district court did not err in denying Houston's motion to suppress evidence obtained from the traffic stop.

IV.

Finally, Houston claims that the district court erred in ruling that the government's allegedly willful failure to preserve video evidence of the traffic stop did not violate his due process rights. Houston also argues that even if the failure to preserve the video did not rise to the level of a due process violation, it nonetheless should support an adverse credibility finding against the government.

Due process is violated when the government "suppresses or fails to disclose material exculpatory evidence." Illinois v. Fisher, 540 U.S. 544, 547 (2004) (per curiam) (citing Brady v. Maryland, 373 U.S. 83 (1963)). If, however, the evidence in question is only potentially useful, as opposed to clearly exculpatory, then a criminal defendant must prove bad faith on the part of the police to make out a due process violation. See Arizona v. Youngblood, 488 U.S. 51, 57 (1988).

Here, Houston argues that the arresting officers acted in bad faith because they did not attempt to download video of the traffic stop. Even assuming the video was potentially useful to the defense, Houston has failed to demonstrate bad faith. Both Officer Martin and Officer Hasiak testified that they were not trained on how to download video evidence and were not instructed to do so as a matter of routine. The evidence custodian's testimony was not in conflict with that of the officers. The custodian stated that the officer assigned to a case usually brings the video to the

evidence room in cases where video evidence has been preserved. This testimony does not speak to the issue of when an officer is obligated to preserve the video in the first place, and Houston presented no evidence on this point.

Although it may have been preferable for the officers to have downloaded the video, Houston has not demonstrated that their failure to do so was in bad faith. At best, Houston's arguments show negligence on the part of the officers, and negligence does not amount to bad faith. United States v. Iron Eyes, 367 F.3d 781, 786-87 (8th Cir. 2004). The district court correctly concluded that Houston's due process rights were not violated by the officers' failure to preserve the video. See Youngblood, 488 U.S. at 57-58. Likewise, the record is insufficient to support an inference that the government acted improperly in failing to preserve the video and therefore the district court did not err in denying Houston's request to have all credibility issues resolved in his favor. See Iron Eyes, 367 F.3d at 787.

V.

We affirm the judgment of the district court.