# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1295

_____

|  |  |  |
|---|---|---|
| Dolandon Mack, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Tim Dillon, Patrolman, Little Rock | * | |
| Police Department; Jana Rayburn, | * | [PUBLISHED] |
| Patrolman, Little Rock Police | * | |
| Department; Kathy Trudell, Crime | * | |
| Scene Investigator, Little Rock Police | * | |
| Department; Roger Swope, Crime | * | |
| Scene Investigator, Little Rock Police | * | |
| Department; Scott Timmons, Lt., Little | * | |
| Rock Police Department; J. C. White, | * | |
| Detective, Little Rock Police | * | |
| Department; John Does, 1 - 50; City | * | |
| of Little Rock, Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 5, 2010
Filed: February 10, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Dolandon Mack appeals following the district court's adverse grant of summary judgment, and its denial of reconsideration, in his 42 U.S.C. § 1983 action. We affirm in part and reverse in part.

In a verified amended complaint, Mack sought damages and declaratory and injunctive relief against the City of Little Rock (City), and employees of its police department, including officers Tim Dillon and Jana Rayburn, detective J.C. White, and Lieutenant Scott Timmons.[1] He claimed a Fourth Amendment violation, and a conspiracy to conceal the violation. His claims arose from allegations concerning injuries he sustained when Dillon and Rayburn shot at him as he was fleeing after an armed robbery; and from the ensuing investigation of the incident.

We find no abuse of discretion in the district court's dismissal of Rayburn for insufficient service of process. See Fed. R. Civ. P. 4(m) (if defendant is not served within 120 days after filing of complaint court--on motion, or on its own after notice to plaintiff--must dismiss action without prejudice); Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286-88 & n.3 (11th Cir. 2009) (litigant proceeding in forma pauperis (IFP) is entitled to rely on service by federal marshals, where failure of marshals to effectuate service is through no fault of litigant, but IFP plaintiff may not remain silent and do nothing once he receives notice of failure to effectuate service); see also Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (no abuse of discretion where 170 days had passed between filing of complaint and dismissal, and plaintiff was warned of dismissal should he not serve defendants). We are troubled, however, by the court's failure to address Mack's subsequent challenge to the dismissal--especially given that Rayburn later provided an affidavit which reflected that she and Dillon were married, so that Rayburn's whereabouts clearly

_____

[1]Mack also named John Does, but on appeal he raises no issues concerning these defendants, who were never identified; he also does not challenge the dismissal of defendants Roger Swope or Kathy Trudell.

were known to defendants. Nevertheless, Rule 4(m) dismissals are without prejudice, and on remand Mack can reassert his claim against Rayburn and attempt to serve her.

As to the grant of summary judgment, this court reviews de novo, viewing the record and drawing all fair inferences from it in a light most favorable to Mack. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006). We disagree with Mack's contention that the district court was required to hold a hearing before granting defendants' motion, see McCormack v. Citibank, N.A., 100 F.3d 532, 541 (8th Cir. 1996) (summary judgment hearing is not required absent prior request), but we are troubled by the court's failure to address the merits, and its apparent grant of summary judgment based solely on the lack of a response from Mack, see United States v. One Parcel of Real Property, Located at 9638 Chicago Heights, St. Louis, Mo., 27 F.3d 327, 329 n.1 (8th Cir. 1994) (failure to respond to summary judgment motion does not automatically compel resolution in favor of moving party; reviewing court must still determine whether entry of summary judgment was appropriate); John v. Louisiana, 757 F.2d 698, 707-08 (5th Cir. 1985) (Fed. R. Civ. P. 56 clearly commands that nonmoving party need not respond to summary judgment motion unless moving party discharges initial burden; holding that summary judgment cannot be supported solely on ground that nonmoving party failed to respond to motion). And while the court was not required to notify Mack when he was required to respond, see Jacobsen v. Filler, 790 F.2d 1362, 1364-66 (9th Cir. 1986) (rejecting pro se litigant's assertion that it was district court's duty to advise him of measures he should take in opposing defendants' summary judgment motion), the terms of Federal Rule of Civil Procedure 56(c) applicable at the time required only that a response be filed "before the hearing day" (no hearing was noticed),[2] and the local rule requirement for a response to be filed within eleven days puts a pro se plaintiff incarcerated out of state at great

---

[2]The amendment to Rule 56(c) effective December 1, 2009, requires a response to summary judgment motion within twenty-one days of service.

disadvantage, see Holloway v. Lockhart, 813 F.2d 874, 880 (8th Cir. 1987) (local rules may not conflict with Federal Rules of Civil Procedure).

Nonetheless, even considering Mack's verified complaint allegations, see Hanks v. Prachar, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam) (for summary judgment purposes, verified complaint is equivalent of affidavit), there were no trialworthy issues concerning whether City's police department had an official policy, custom, or practice of using excessive force during arrests, and neither his objections below nor his brief on appeal identify any evidence of such. See Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009) (municipal liability under § 1983); cf. Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999) (conclusory affidavits devoid of specific factual allegations rebutting moving party's evidence cannot defeat summary judgment motion). Further, there was no basis for section 1983 claims against defendants Timmons and White, who were solely involved in various aspects of the investigation of the shooting, cf. Mettler v. Whitledge, 165 F.3d 1197, 1205 (8th Cir. 1999) (even if it was assumed as true that there were shortcomings in investigation into shooting, shortcomings would not prove flawed investigation was moving force behind deputies' alleged misconduct or caused them to use excessive force); and Mack's complaint allegations were insufficient to state a section 1983 conspiracy claim, see Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000) (allegation of conspiracy to provide false testimony was conclusory and failed to state conspiracy claim, which requires allegations of specific facts showing meeting of minds among alleged conspirators).

In contrast, we find genuine issues of material fact concerning whether defendant Dillon's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. See Nance v. Sammis, 586 F.3d 604, 609-10 (8th Cir. 2009) (reasonableness of officer's use of force is evaluated by looking at totality of circumstances, including severity of crime, whether suspect poses immediate threat to safety of officers or

-4-

others, and whether suspect is actively resisting arrest or attempting to evade by flight; where suspect poses no immediate threat to officer and no threat to others, harm resulting from not apprehending him does not justify use of deadly force). Mack declared that Dillon began shooting immediately after directing him to freeze, although Mack was not holding his gun in his hand; and that when he fled due to the shooting, Dillon's shots struck him. Dillon's version of the incident differed from Mack's. Dillon did not attest as to whether he saw Mack holding a gun inside the store, but he attested that Mack was holding a gun when he exited the store, that Mack ignored directions to stop and turned toward Dillon, making Dillon believe Mack was going to shoot, and that Dillon did not believe he actually hit Mack until they were both behind the store and Rayburn was involved. See Wilson v. City of Des Moines, Iowa, 293 F.3d 447, 451 (8th Cir. 2002) (when suspect threatens officer with weapon and there is probable cause to believe he has committed crime involving inflicting or threatened infliction of serious physical harm, use of deadly force is warranted if necessary to prevent escape and if, where feasible, some warning is given). The videotape from Rayburn's patrol car[3] appears to support Mack's version that Dillon kept shooting as Mack fled down the side of the store, and that (at least when he was in the back of the store) he was not holding anything in his hand. Cf. Moore v. Indehar, 514 F.3d 756, 763 (8th Cir. 2008) (use of excessive force against unarmed man who was simply fleeing from officers was unreasonable and Fourth Amendment violation). Defendants' own evidence also presents trialworthy issues as to whether Dillon's use of deadly force once he chased Mack to the area behind the store were warranted. It does not appear from the videotape that Mack had anything in his hand at the time, and Dillon's and Rayburn's attestations differ as to what happened after Mack was hit by Rayburn's car: both attested that Mack turned toward them at an angle (which would seem impossible, given that the officers were coming from different directions) and that they were forced to shoot him because he appeared to be

---

[3]The videotape from Dillon's patrol car shows nothing verifying either the officers' or Mack's version of the incident.

holding a gun and it was necessary to protect both officers. Further, Dillon's attestation that Mack was ten feet behind Rayburn's car when he attempted to get back up and turned toward Dillon is not supported by the videotape. Also, this is not a case involving a de minimis injury, see Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) (minor bruises and scrapes and temporary aggravation of previous shoulder condition were de minimis injuries that supported conclusion that officer did not use excessive force against arrestee), as the parties do not dispute that Mack's leg had to be amputated after the shooting.

Finally, while the district court did not abuse its discretion in denying without prejudice Mack's motion for counsel, see Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria), appointment of counsel may be warranted on remand to effectuate service of process on Rayburn and to prepare for trial or to prepare a response to any additional summary judgment motion defendants might file. Accordingly, we affirm all but the grant of summary judgment to defendant Dillon, we clarify that the dismissal of defendant Rayburn was without prejudice, and we remand for further proceedings consistent with this opinion.

_____