United States Court of Appeals

For the Eighth Circuit

_____

No. 12-3369
_____

Jon R. Tollefson

*Plaintiff - Appellee*

v.

DeAnn Marie Pladson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: May 1, 2013
Filed: May 13, 2013
[Unpublished]
_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

DeeAnn Marie Pladson appeals the district court's order granting Jon R. Tollefson default judgment in his 15 U.S.C. § 1114(2)(D) complaint against Pladson;

granting summary judgment for Tollefson on Pladson's counterclaim; and entering judgment for Tollefson.[1] We reverse.

Tollefson filed the instant action in June 2011, seeking to enjoin enforcement of an arbitration panel's decision ordering transfer of a domain name to Pladson. Pladson counterclaimed under 15 U.S.C. § 8131 (cyberpiracy protections). In the ensuing six-month period, Tollefson moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the counterclaim; for sanctions; for summary judgment on the counterclaim; to compel discovery; and for default under Federal Rule of Civil Procedure 55(a) (providing for entry of default). During the same period, Pladson resisted the Rule 12(b)(6) motion; the court was advised that settlement negotiations were ongoing; and Pladson offered evidence reflecting that after a settlement was reached, Tollefson was disputing its validity.

In the meantime, the district court adopted a magistrate judge's report recommending denial of Tollefson's Rule 12(b)(6) motion, but the following month, the court granted Tollefson's motion for entry of default and his motion for summary judgment, stating that because the counterclaim "diametrically oppose[d]" the complaint, the summary judgment motion constituted "a complete motion for summary judgment." In justifying the default judgment, the court cited (1) Pladson's failure to respond to Tollefson's motions, recognizing that Pladson had resisted responding because of the settlement, but noting that she had not moved to compel enforcement of the settlement despite being directed to do so; and (2) Pladson's failure to respond to the summary judgment motion within the time required by local rules, which amounted to her failure to defend against "an affirmative pleading for judgment." The court entered judgment for Tollefson and directed that the domain name be returned to him.

_____

[1]Pladson also appeals the denial of Federal Rule of Civil Procedure 60(b) relief, but because we conclude that the district court erred in granting default judgment in the first instance, we need not, and do not, reach the denial of Rule 60(b) relief.

We conclude that the district court erred in granting judgment to Tollefson. First, to the extent the court entered a default-based grant of the unresisted but unsupported motion for summary judgment, this was error. See Mack v. Dillon, 594 F.3d 620, 622-23 (8th Cir. 2010) (per curiam) (under Fed. R. Civ. P. 56, nonmoving party need not respond unless party moving for summary judgment discharges initial burden); see also Holloway v. Lockhart, 813 F.2d 874, 880 (8th Cir. 1987) (local rules may not conflict with Federal Rules of Civil Procedure). Second, the court entered default judgment without first directing a clerk's entry of default under Rule 55(a). See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (entry of default under Rule 55(a) must precede grant of default judgment under Fed. R. Civ. R. 55(b)). Third, we cannot find that Pladson's conduct amounted to a "fail[ure] to plead or otherwise defend." See Fed. R. Civ. P. 55(a). While Pladson and her counsel may have been unwise and possibly careless in ignoring Tollefson's motions, their behavior was understandable: by the time that Tollefson filed his motions for summary judgment and to compel, the magistrate judge had already conducted hearings on the motions to dismiss and for sanctions, and had recommended denying the motion to dismiss. In these circumstances, it was not unreasonable for Pladson to await the district court's consideration of the magistrate judge's recommendation on the motion to dismiss. As for the motion to compel, Pladson could reasonably have expected that the worst outcome would be a grant of the motion. While it is true that--in one order--the magistrate judge told Pladson that she "should" respond to the two pending motions, Pladson objected to this aspect of the order, providing evidence of the settlement in addition to that already filed with the court. Pladson was entitled to review by the district court of her objection, see Fed. R. Civ. P. 72(a), and it was not unreasonable for her to await that review.

Fourth, we do not view the district court's advice to Pladson–that the court could not dispose of the case based on the settlement without a motion to enforce it–as an order directing her to file such a motion. This is especially so, given the court's statement that, *if* such a motion were filed, the court would hold a hearing on all

pending motions. And significantly, the foregoing order was entered while the request for entry of default was pending. Pladson could not have reasonably expected that her failure to file the motion to enforce, while awaiting the court's review of her objections to the magistrate judge's order described above, would result in the default judgment that occurred. In sum, while Pladson's conduct may have been overly lax, it was a far cry from those cases in which a court has deemed that a party has "total[ly] fail[ed] to participate in the litigation," and we conclude that the district court abused its discretion by entering default judgment. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 854-57 (8th Cir. 1996) (default judgment for failure to defend is appropriate when conduct includes intentional delays, willful violations of court rules, or contumacious conduct; affirming default judgment where, during 22-month period when defendants were represented by counsel, they filed late, non-responsive, or no answers to discovery requests, requiring three orders to compel discovery, and after counsel withdrew, did not participate in litigation at all, could not be contacted by plaintiff's counsel, and failed to appear for final pretrial conference).

For the foregoing reasons, the judgment of the district court is reversed, and we remand for further proceedings consistent with this opinion.

_____