# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2282

_____

Charles James Robinson, also known as Jesus

*Plaintiff - Appellant*

v.

Jeremy Andrews, Major, East Arkansas Regional Unit

*Defendant - Appellee*

Eatmon, Sgt., East Arkansas Regional Unit

*Defendant*

Danny Burl, Warden, East Arkansas Regional Unit

*Defendant - Appellee*

John Wheeler, Chaplain Administrator, Arkansas Department of Correction; Larry
May, Deputy Director, Arkansas Department of Correction; Ray Hobbs, Director,
Arkansas Department of Correction

*Defendant*s

Alex Bray, Chaplain, East Arkansas Regional Unit

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

Submitted: January 20, 2015
Filed: February 27, 2015
[Unpublished]

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

Arkansas inmate Charles Robinson, also known as Jesus, appeals from the order of the District Court[1] granting summary judgment to defendants on his claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). He also appeals the partial denial of his motion for a new trial or relief from judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and the dismissal without prejudice of his state-law claims.[2] We have carefully reviewed the record and considered Robinson's arguments, and we conclude there is no basis for reversal. See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) (reviewing de novo an order granting summary judgment); see also Mo. Roundtable for Life v. Carnahan, 676 F.3d 665, 678 (8th Cir. 2012) ("Our review of a decision not to exercise supplemental jurisdiction over state law claims is for abuse of discretion."); Christensen v. Qwest Pension Plan, 462 F.3d 913,

---

[1]The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

[2]To the extent Robinson's brief addresses an earlier order dismissing certain claims without prejudice for failure to exhaust administrative remedies, this Court lacks jurisdiction to review that order. See Fed. R. App. P. 3(c); Berdella v. Delo, 972 F.2d 204, 207–08 & n.6 (8th Cir. 1992).

920 (8th Cir. 2006) (reviewing the denial of a Rule 59(e) motion for clear abuse of discretion); <u>Arnold v. Wood</u>, 238 F.3d 992, 998 (8th Cir.) (reviewing the denial of a Rule 60(b) motion for abuse of discretion), <u>cert. denied</u>, 534 U.S. 975 (2001).

Accordingly, we affirm the judgment.

_____