# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1460

_____

Timothy Watkins

*Plaintiff - Appellant*

v.

Brad Perkins, Individually; Billy's Trucking; David Smith, Individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 7, 2015
Filed: October 14, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Timothy Watkins appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Arkansas Highway Police (AHP) officers Brad Perkins and David Smith, and Billy's Trucking (Billy's), a towing company, arising from an incident in which he was stopped while driving a tractor-trailer in Arkansas for following too close. We affirm in part and reverse in part.

This court reviews de novo the grant of summary judgment, viewing the record and all reasonable inferences from it in a light most favorable to Watkins. See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam). We conclude that the AHP officers failed to meet their burden as summary judgment movants. See Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050-51 (8th Cir. 2007) (at summary-judgment stage, moving parties carry ultimate burden of proof to establish no material facts are in dispute). Specifically, in finding that the material facts as to the officers' actions were undisputed and that they had not violated Watkins's constitutional rights, it appears that the district court considered the officers' unauthenticated and unsigned memoranda, as well as the other unauthenticated documents they offered, although those materials would not be admissible in evidence. See Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) (summary judgment documents must be authenticated by and attached to affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or deposition, and documents not meeting such requirements cannot be considered). For purposes of his Fourth Amendment claims against the officers, while Watkins admitted not signing the citation for following too close, there was a genuine issue of material fact as to whether the officers had a reasonable suspicion or probable cause to stop him for such a violation–especially given his testimony that he had not even seen the truck carrying logs he was charged with following too close. See United States v. Houston, 548 F.3d 1151, 1153 (8th Cir. 2008) (traffic stop is seizure within meaning of Fourth Amendment and thus must be supported by reasonable suspicion or probable cause); Kurtz v. City of Shrewsbury, 245 F.3d 753, 755-58 (8th Cir. 2001) (in case where plaintiff was arrested for tampering with car and driving without license, noting that false arrest claim required showing arrest was made without probable cause).

Further, although the admissible evidence showed that Watkins did not own the tractor-trailer or its contents, he had standing to assert a claim based on the towing of the tractor-trailer, because he testified as to the adverse consequences to him from the towing, arising from the fact that as an employee of A & H Cartage LLC, he was

responsible for the tractor-trailer and its contents. See Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 621 (8th Cir. 2012) (standing requires injury that is particularized and concrete and actual, not merely conjectural, that is fairly traceable to action of defendant, and that is likely to be redressed by favorable decision); see also United States v. Jacobsen, 466 U.S. 109, 113 (indicating a "seizure" of property occurs "when there is some meaningful interference with an individual's possessory interest in that property."); United States v. Fuller, 374 F.3d 617, 621 (8th Cir. 2007) ("It is important to realize that a person's interest in his or her loaned effects is not identical to the possessory interest of the bailee [i.e., Watkins] who has direct control of the effects, and the lender cannot assert the bailee's independent Fourth Amendment right to have the bailee's interest protected from unreasonable government interference."). Thus, a genuine issue of material fact remained as to whether there was reasonable suspicion or probable cause for the stop, and because he would not have been arrested and the tractor-trailer towed absent the stop, there is also a jury issue on the Fourth Amendment claim arising from the towing. See Alman v. Reed, 703 F.3d 887, 903-04 (6th Cir. 2013) (seizure of vehicle in connection with arrest not supported by probable cause violates Fourth Amendment in same manner that arrest itself violates Fourth Amendment).

We find no basis for overturning the grant of summary judgment to Billy's, given that Watkins testified in his deposition that Billy's was not involved in the matters giving rise to the damages at issue in the instant suit, and the fact that Arkansas has adequate post-deprivation remedies for the loss of Watkins's personal property during the period Billy's stored the tractor-trailer. See Willis Smith & Co. v. Arkansas, 548 F.3d 638, 640 (8th Cir. 2008). Finally, we find no abuse of discretion in the district court's denial of Watkins's motions for leave to amend. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (court does not abuse its discretion when it denies motion to amend where there is undue delay or undue prejudice to non-moving party).

Accordingly, we reverse the grant of summary judgment on the Fourth Amendment claims for false arrest and seizure of property against the officers, and remand for further consideration of these claims; and in all other respects we affirm. On remand the district court may wish to reconsider whether appointment of counsel is warranted.

_____