# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1331

_____

Thedral R. Hardridge,

*Plaintiff - Appellant*,

v.

Joe Piccinini, JCDC Director; Mike Sharp, Sheriff; Matai Ware, JCDC CO;
Ronnie Rahe, JCDC Lieutenant; Daniel McElroy, JCDC CO; Ryan Arnold, JCDC
CO; Jen-I E. Pulos, JCDC CO; Akanuligo, JCDC CO; Hansen, JCDC CO;
Cochran, JCDC Lieutenant; Brown, JCDC Lieutenant,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 26, 2017
Filed: July 31, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Inmate Thedral R. Hardridge appeals following the district court's dismissal
of his action under 42 U.S.C. § 1983. Hardridge raised constitutional claims based

on two incidents on November 12, 2014, when officers allegedly used excessive force against him while he was held at the Jackson County Detention Center as a pretrial detainee. *See generally Smith v. Conway County, Ark.*, 759 F.3d 853, 858-59 (8th Cir. 2014). On initial review under 28 U.S.C. § 1915A, the district court dismissed the claims against all defendants except for Lieutenants Ronnie Rahe and Brown, stating that Hardridge had not alleged that these nine defendants "were the individuals" who allegedly subjected him to excessive force and denied him subsequent medical care. The court later dismissed the claims against Rahe and Brown for lack of timely service under Federal Rule of Civil Procedure 4(m).

Upon de novo review, we reverse the section 1915A dismissal as to five of the named defendants. Hardridge described the two incidents in detail in a narrative that was attached to the pro se complaint. He alleged that several officers were present with him in an attorney conference room and in a cell at the detention center, and that officers used excessive force against him during both incidents. Hardridge said that he did not know the names of the officers but could identify them on sight. Reports of several officers attached to the complaint do not admit the use of excessive force, but show that defendants Akanuligo, Ware, Pulos, Arnold, and McElroy were the officers present at either the conference room or the cell during the times when Hardridge says that officers used excessive force. These attachments are part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c). Liberally construing the complaint with its attachments together, *see Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam), the complaint contains sufficient allegations that these five defendants violated Hardridge's rights.

The complaint and attachments do not include sufficient allegations against defendants Piccinini, Sharp, Hansen, and Cochran, so the dismissal is affirmed as to those parties. There was no abuse of discretion in the dismissal without prejudice of defendants Rahe and Brown under Rule 4(m) for lack of service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam).

The judgment is affirmed in part and reversed in part.  The case is remanded for further proceedings consistent with this opinion.

_____