# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1598

_____

Timothy Watkins

*Plaintiff - Appellant*

v.

Arkansas, State of; Keith Rhodes, Individually

*Defendant*s

Brad Perkins, Individually

*Defendant - Appellee*

Hazen District Court; Billy's Trucking

*Defendant*s

David Smith, Individually

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 23, 2017
Filed: February 12, 2018
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Timothy Watkins appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action against Arkansas Highway Patrol (AHP) officers Brad Perkins and David Smith. We affirm as to Smith, reverse as to Perkins, and remand.

Watkins' suit stems from a traffic stop on I-40. On April 10, 2011, Perkins was monitoring for traffic violations in an unmarked AHP vehicle when he saw a black tractor pulling a white trailer that was following too closely behind a white tractor-trailer transporting either logs or lumber. Perkins radioed Smith about his observations, and as he passed Smith, he radioed that the violator was directly in front of him. Smith stopped the vehicle Perkins had identified, which was driven by Watkins. Smith told Watkins he'd been following a log truck too closely, and wrote him a ticket. Watkins replied that he hadn't been following a log truck at all, but had been following a white van for about 20 miles. Watkins refused to sign the ticket, and Smith arrested him and towed his truck. A state court would later acquit Watkins of following too closely.

We have seen this case before. In a prior appeal, we reversed the grant of summary judgment on Watkins' Fourth Amendment claims against Perkins and Smith for false arrest and seizure of property, and remanded for further consideration. See Watkins v. Perkins, 618 Fed. Appx. 299, 299–301 (8th Cir. 2015) (unpublished per curiam). On remand, Perkins and Smith again sought summary judgment. The district court granted the motion because it concluded that the evidence established

-2-

that Perkins and Smith had arguable probable cause to believe a traffic violation had occurred, meaning there was no constitutional injury.

We review grant of summary judgment based on qualified immunity de novo. Burton v. St. Louis Bd. of Police Comm'rs, 731 F.3d 784, 791 (8th Cir. 2013). We view the summary judgment record, and all reasonable inferences from it, in the light most favorable to Watkins. See Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014). Summary judgment is only appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An officer has probable cause for a warrantless arrest if the totality of the circumstances at the time of arrest is enough to lead a reasonable person to believe that the defendant has committed an offense. Borgman v. Kedley, 646 F.3d 518, 522–23 (8th Cir. 2011).

There is a fact dispute as to whether Perkins had probable cause to believe that Watkins was following another vehicle too closely. Watkins claims he was following a white van, not a truck. Moreover, it appears that Perkins' account of the traffic stop has changed over time: Perkins testified in state district court that the vehicle Watkins was following was a white van, whereas in county circuit court, he described it as a flat bed trailer with a tarp that could have been covering lumber.[1] Viewed in the light most favorable to Watkins, the record suggests that Perkins may have told Smith to stop the wrong truck. See United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006) (under Fourth Amendment, traffic stop is reasonable if it is supported

---

[1] We note that while Watkins' testimony describing Perkins' conflicting testimony in state court is not admissible evidence, see Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 885 (8th Cir. 2009) (nonmoving party cannot rely on inadmissible hearsay to avoid summary judgment), Perkins' state-court testimony would be a matter of public record, and defendants did not counter Watkins' testimony in this case that Perkins changed his story about the type of vehicle he had observed Perkins following too closely.

by probable cause that driver committed any traffic violation, but officer must have objectively reasonable basis for believing driver had committed violation). And, of course, an officer lacks arguable probable cause to arrest someone he hasn't seen do anything wrong. Accordingly, Perkins is not entitled to summary judgment.

There is no fact dispute as to Smith's liability—he was merely doing what Perkins asked. It is undisputed that Smith stopped the tractor-trailer Perkins identified as the one following another vehicle too closely, and there is nothing in the record indicating that he did not reasonably rely on Perkins' report. Cf. United States v. Williams, 429 F.3d 767, 771–72 (8th Cir. 2005) (collective knowledge of team of officers was sufficient to provide reasonable suspicion to stop vehicle, and such knowledge was imputed to officer on scene when he received another officer's radioed request).

Accordingly, we affirm the grant of summary judgment to Smith, we reverse the grant of summary judgment to Perkins, and remand for further proceedings consistent with this opinion.[2]

SHEPHERD, Circuit Judge, concurring in part and dissenting in part.

I agree that the grant of summary judgment as to Smith should be affirmed as Smith reasonably relied on Perkins's identification in stopping the black tractor pulling a white trailer driven by Watkins, for following another vehicle too closely in violation of Arkansas law. I disagree, however, that a jury issue exists as to whether Perkins had an objectively reasonable belief that Watkins's vehicle, which Smith stopped at Perkins's direction, was one and the same as the vehicle he observed

---

[2]We decline to address the other matters Watkins raises in his pro se brief, many of which were decided conclusively in the prior appeal. See Yankton Sioux Tribe v. Podhradsky, 606 F.3d 994, 1005 (8th Cir. 2010) (discussing "law of the case doctrine").

following another vehicle too closely.  Accordingly, I would also affirm the district court's grant of summary judgment to Perkins.

The majority bases its conclusion that this jury issue exists solely on the representations by Watkins that conflicting statements were made by Smith and Perkins *as to the description of the vehicle which Watkins was following.*  Accepting Watkins's recollection of Smith and Perkins's statements, however, it is not contended that either officer made a conflicting statement *as to the description of Watkins's vehicle*, the offending black tractor pulling a white trailer.  Further, we are directed to nothing in the summary judgment record which calls into question Perkins's statement that the vehicle Smith stopped was the same vehicle which Watkins's observed violating the Arkansas traffic law.

Finding no jury issue as to whether probable cause existed supporting Watkins' stop for following too closely, I would affirm the district court's grant of summary judgment to both Smith and Perkins.

_____