# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2883

_____

Matthew Prow

*Plaintiff - Appellant*

v.

Tom Roy; John King; Sandra O'Hara; Steve Hammer; Mary McComb; Carol Krippner; Regina Stepney; Lieutenant Lindell; Sergeant Hillyard

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 29, 2018
Filed: April 3, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Minnesota prisoner Matthew Prow appeals the district court's[1] adverse grant of summary judgment on, inter alia, his claims challenging several policies pertaining to prison property, and his due process claims.[2]

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that the district court properly granted summary judgment. See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) (standard of review); see also Turner v. Safely, 482 U.S. 78, 89-91 (1987); Libertarian Party of Ark. v. Martin, 876 F.3d 948, 952 (8th Cir. 2017) (discussing standard to be "prevailing party" in civil rights action); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow prison regulations); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison's grievance procedures confer no substantive rights; they are procedural rights only, which do not give rise to protected liberty interest requiring Fourteenth Amendment protections). Accordingly, the judgment is affirmed, see 8th Cir. R. 47B, and Prow's pending motions are denied as moot.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

[2]Prow waived his retaliation claim by failing to raise it on appeal. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013).