# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1819

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Goodwin-Bey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 12, 2018
Filed: April 10, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Scott Goodwin-Bey appeals his conviction following a bench trial[1] for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

924(a)(2). He argues that the district court[2] erred in adopting the recommendation[3] that Goodwin-Bey's motion to suppress any evidence obtained following the traffic stop of his vehicle should be denied. We affirm.

On November 30, 2014, police in Springfield, Missouri, received a 911 call from a convenience store employee reporting that a black man holding a firearm had entered the store. The employee stated that the man had been acting strangely and that he had taken the firearm away from the man. The employee described the man's car as a white four-door Lincoln and reported the car's license plate number. As Sergeant Jason Laub approached the scene of the incident, another officer reported seeing the suspect's car near a gas station in the area. Sergeant Laub confirmed that the car matched the description given to police and saw the car was occupied by a black male. Sergeant Laub then activated his emergency lights and stopped the man, who was later identified as Goodwin-Bey.

The Fourth Amendment of the United States Constitution prohibits law enforcement officers from conducting "unreasonable searches and seizures." A traffic stop constitutes a seizure under the Fourth Amendment and must be supported by reasonable suspicion or probable cause. United States v. Houston, 548 F.3d 1151, 1153 (8th Cir. 2008) (citing United States v. Jones, 269 F.3d 919, 924 (8th Cir. 2001)). A police officer has reasonable suspicion to conduct a stop if the officer has "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed," Id. (quoting United States v. Martin, 706 F.2d 263, 265 (8th Cir. 1983)) or that a crime "has previously been committed by an individual." United States v. Hughes, 517

_____

[2]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri, to whom the case was previously assigned.

[3]The Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

F.3d 1013, 1016 (8th Cir. 2008) (citing United States v. Hensley, 469 U.S. 221, 229 (1985)). As the district court explained in its order adopting the report and recommendation, we have upheld findings of reasonable suspicion for violations of misdemeanors and petty misdemeanors that would not authorize a custodial arrest. United States v. Givens, 763 F.3d 987, 990 (8th Cir. 2014) (stating "[i]t is not uncommon for officers to stop vehicles due to the lack of an apparent temporary registration tag, and such stops are generally upheld as supported by reasonable suspicion"); United States v. Banks, 553 F.3d 1101, 1104 (8th Cir. 2009) (stating "the officers actually witnessed [the defendant] riding a bicycle without a light [a petty misdemeanor offense], which is more than sufficient to establish reasonable, articulable suspicion of criminal activity").

Sergeant Laub testified at the suppression hearing that he had reasonable suspicion to believe that Goodwin-Bey had committed a peace disturbance. Under Missouri Law, "[a] person commits the crime of peace disturbance if . . . [h]e unreasonably and knowingly disturbs or alarms another person" by "[t]hreatening to commit a felonious act against any person under circumstances which are likely to cause a reasonable person to fear that such threat may be carried out." Mo. Rev. Stat. § 574.010 (2014). Goodwin-Bey argues that there was insufficient evidence that he committed a crime at the convenience store because "[t]he 911 caller was not described as upset or scared, and there was no allegation that the black male had made any threats or had behaved in an angry, threatening, or violent manner." We conclude, however, that Sergeant Laub had reasonable suspicion to believe that Goodwin-Bey had caused a peace disturbance by bringing a firearm into the store and behaving in such a manner that the clerk felt compelled to take the firearm away from him and call 911.

The judgment is affirmed.

_____