# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2790

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Thornton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: April 12, 2023
Filed: August 4, 2023
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

A jury found Thomas Thornton guilty of possessing a firearm as a felon, possessing methamphetamine with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime. The district court[1] imposed a 300-month

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

prison sentence. Thornton appeals his convictions, arguing the district court erred by denying Thornton's motion to dismiss for destruction of evidence and by not prohibiting the government's use of evidence gathered through what Thornton argues was an illegal search of his car. We affirm.

## I. Background

In August 2020, Officer James Morris of the Little Rock Police Department initiated a traffic stop after observing a vehicle driving left of the road's center on a road lacking lane markings. After stopping the vehicle, Officer Morris identified the driver as Thomas Thornton. He then discovered an active arrest warrant for Thornton and waited for backup. Once Officers Corey Hall and Devon Colclough arrived, Officer Colclough conducted a pat-down search. At some point before the pat-down, Officer Joshua Pettit also arrived on the scene. Officer Colclough, while conducting the pat-down search, felt what seemed to be a firearm in Thornton's waistband. Officer Colclough yelled "gun," after which Thornton attempted to flee. The four officers followed in pursuit. Within roughly ten feet, Thornton's path was blocked by a ditch and a chain-link fence. With nowhere to run, Thornton complied with the officers' orders as they apprehended him and retrieved what was indeed a firearm on his person.

Once Thornton was in custody, Officer Pettit decided to walk his K-9 police dog around Thornton's car "for practice." The K-9 alerted Officer Pettit to something in the driver's side door. The officers searched the vehicle and found methamphetamine and other drug-related contraband. These findings, along with the recovered firearm, led a grand jury to indict Thornton on charges of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

In December 2021, the case went to trial with Officers Morris, Colclough, and Pettit testifying for the government. Officer Morris testified that, when he initiated the stop, his dash-camera and microphone turned on and the equipment recorded both video and audio of the incident until he turned the camera and microphone off when he returned to the police station. Detective Ian Ward, who was assigned to Thornton's case, also testified. Detective Ward testified that he requested Officer Morris's dash-camera footage but never received it because of the lack of storage space. Detective Ward explained that footage is sometimes "written over" after "a time window of approximately 90 to 120 days" or based on "available storage space."

After the government rested its case, Thornton moved to dismiss the indictment based on a purported violation of his right to receive exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Thornton argued the violation occurred when the dash-camera video was not turned over, as the video could have shown Thornton did not cross a center line and thus the stop was unreasonable, and all evidence discovered thereafter would have been suppressed. Thornton requested the district court infer the video would have been exculpatory, and Thornton reasoned he was prejudiced by the failure to turn over such exculpatory evidence. The district court verbally denied this motion to dismiss, finding Thornton did not establish the dash-camera video was exculpatory, as is necessary under *Brady*. *See Brady*, 373 U.S. at 87. Additionally, the district court found the government did not have a duty to turn over what it never controlled, owned, or possessed. The district court further explained the issue was not timely submitted as a motion to suppress as required by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12(b)(3)(C). The district court entered a written order memorializing its decision and denied Thornton's subsequent motion for judgment of acquittal.

The jury found Thornton guilty on all three counts. Thornton now appeals his convictions.

## II. Analysis

Thornton first argues the district court erred in denying his motion to dismiss for destruction of evidence. He contends the government violated his due process rights by failing to preserve the dash-camera video of the traffic stop.

"We review the decision denying dismissal of the indictment de novo and the underlying factual findings for clear error." *United States v. Woods*, 978 F.3d 554, 564 (8th Cir. 2020) (quoting *United States v. Paris*, 954 F.3d 1069, 1071 (8th Cir. 2020)). "Due process is violated when the government 'suppresses or fails to disclose material exculpatory evidence.'" *United States v. Houston*, 548 F.3d 1151, 1155 (8th Cir. 2008) (quoting *Illinois v. Fisher*, 540 U.S. 544, 547 (2004)). "If, however, the evidence in question is only potentially useful, as opposed to clearly exculpatory, then a criminal defendant must prove bad faith on the part of the police to make out a due process violation." *Id.* (citing *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)); *accord Paris*, 954 F.3d at 1074. "Additionally, the 'evidence must . . . be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *Paris*, 954 F.3d at 1074 (quoting *United States v. LeBeau*, 867 F.3d 960, 976–77 (8th Cir. 2017)).

Here, Thornton has not shown the dash-camera video *is* exculpatory, but rather only attempts to show the video could *potentially be* exculpatory. We struggle to see how Thornton could show the dash-camera video is potentially exculpatory because Officer Morris turned on the dash-camera only *after* witnessing Thornton cross the center line of the road. Regardless, even if the video is potentially exculpatory, the *Youngblood* bad-faith standard applies. *See Youngblood*, 488 U.S. at 58. And Thornton has not presented any evidence to support bad faith. *See United States v. Williams*, 951 F.3d 892, 897–99 (8th Cir. 2020). The district court did not err in denying Thornton's motion to dismiss.

Thornton next argues we should reverse his convictions because law enforcement illegally searched his vehicle, and thus the district court should have

-4-

prohibited the government from using the evidence gathered by police through the search. Thornton moved for acquittal after the government's case, but he did not raise the argument to the district court that the search of his car violated the Fourth Amendment. "Criminal rule 12(b)(3)(C) requires that a motion to suppress evidence 'be raised by pretrial motion if the basis of the motion is then reasonably available and the motion can be determined without a trial on the merits.'" *United States v. Pickens*, 58 F.4th 983, 987 (8th Cir. 2023) (quoting Fed. R. Crim. P. 12(b)(3)(C)). Thornton's argument was not raised by pretrial motion, nor raised at all to the district court. "If a party does not meet the district court's deadline for filing a pretrial motion, it is 'untimely' but the court 'may consider' the defense or objection 'if the party shows good cause.'" *Id.* (quoting same). Here, Thornton did not show good cause for why the argument was untimely. However, we have recognized "it is an unsettled question in our circuit" "[w]hether this issue is waived[] or whether plain-error review is available" when a party fails to show good cause for filing an untimely motion to suppress. *Id.* at 988. As a result, we review Thornton's argument under a plain-error standard.

"To succeed on plain-error review, [Thornton] 'must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Bernhardt*, 903 F.3d 818, 824 (8th Cir. 2018)). Based on our review of the record, "[w]e see nothing here that seriously affected the fairness or integrity of this prosecution." *Id.* In any event, Thornton has failed to establish an obvious error. *See United States v. Braden*, 844 F.3d 794, 798 (8th Cir. 2016) (explaining the defendant carries the burden). Accordingly, the district court did not plainly err.

### III. Conclusion

We affirm the judgment of the district court.

_____